# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND ) <br> SOUTHWEST AREAS PENSION FUND, ) <br> and HOWARD MCDOUGALL, as Trustee, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> MILLS INVESTMENTS, LLC, a Michigan ) <br> limited liability company, RODNEY MILLS, ) <br> an individual, and SHAWN M. MILLS, ) <br> an individual, ) <br> ) <br> Defendants. ) | 11 C 3297 <br><br> Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Central States, Southeast and Southwest Areas Pension Fund ("Pension Fund") and Trustee, Howard McDougall, have sued Mills Investments, LLC, Rodney Mills and Shawn M. Mills for collection of withdrawal liability, interest and penalties incurred by an employer as a result of a withdrawal from a multiemployer pension plan. This action arises under Employee Retirement Income Security Act of 1974 ("ERISA") as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1001 *et seq.* Before the Court is defendants' motion for transfer of venue pursuant to 28 U.S.C. § 1404(a). For the reasons set forth below, the Court denies the motion.

## Facts

The Pension Fund is a multiemployer pension plan administered from its principal place of business in Rosemont, Illinois. (Compl. ¶¶ 3-4.) Mills Investments is a limited liability company organized under the laws of the State of Michigan. (*Id.* ¶ 8.)

As of August 22, 2009, Shawn M. Mills owned fifty percent of the ownership interests of Mills Investments and Rodney Mills owned 47.756 percent of the ownership interests of Mills Investments. (*Id.* ¶¶ 13-14.) As of that date, Mills Investments and Rod Mills & Son were a group of trades or businesses under common control (the "Mills Controlled Group"). (*Id.* ¶ 15.) On August 22, 2009, the Pension Fund determined that the Mills Controlled Group ceased to have an obligation to contribute to the Pension Fund thereby effecting a complete withdrawal from the Pension Fund. (*Id*. ¶ 18.) In September 2009, Rod Mills & Son was liquidated and its remaining assets were distributed. (*Id.* ¶ 26.) Between January 2008 and July 2009, Shawn M. Mills caused Rod Mills & Son to transfer at least $165,939.58 to himself and Rodney Mills ("the transfers"). (*Id.* ¶ 27.)

As a result of the complete withdrawal, the Mills Controlled Group incurred withdrawal liability to the Pension Fund in the amount of $202,709.08. (*Id*. at ¶ 19.) On or about January 20, 2010, the Mills Controlled Group, via Rod Mills & Son, received from the Pension Fund a notice and demand for payment of withdrawal liability by February 1, 2010. (*Id.* ¶ 20.) Rod Mills & Son failed to make the payment to the Pension Fund and on February 11, 2010, the Pension Fund filed suit. (*Id*. ¶¶ 22-23.) On March 24, 2010, a default judgment was entered in favor of the Pension Fund and against Rod Mills & Son in the amount of $245,794.87. (*Id.* ¶ 24.) No portion of that judgment has been paid. (*Id*.) The Pension Fund requests relief in the amount of $202,709.08 for the withdrawal liability, pre-judgment interest on the withdrawal liability, twenty percent of the unpaid withdrawal liability, attorney's fees and costs and post-judgment interest. (*Id*. ¶ 31.)

**Discussion**

For the convenience of parties and witnesses, and in the interests of justice, a federal district court may transfer any civil action to any other district where it may have been brought. 28 U.S.C. § 1404(a). "Transfer of venue is appropriate when '(1) venue was proper in the transferor district, (2) venue and jurisdiction would be proper in the transferee district, and (3) the transfer will serve the convenience of the parties and the witnesses, as well as the interests of justice.'" *First Nat'l Bank v. El Camino Res.*, 447 F. Supp. 2d 902, 911 (N.D. Ill. 2006) (quoting *Federated Dep't Stores, Inc. v. U.S. Bank Nat'l Ass'n*, No. 00 C 6169, 2001 WL 503039, at *1 (N.D. Ill. May 11, 2001).

**I. Both Illinois and Michigan Are Proper Venues**

Defendants concede that venue is proper in the Northern District of Illinois. (Defs.' Mot. Transfer ¶ 12.) Further, the Pension Fund concedes that venue in the Eastern District of Michigan would be proper. (Pls.' Resp. Defs.' Mot. Transfer ¶ 3.) Thus, the issues are whether the convenience of the parties and the interests of justice favor transfer.

**II. Convenience of Parties and Interests of Justice**

In order to transfer venue under § 1404(a), the transferee court must clearly be more convenient than the transferor court. *Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 960 (N.D. Ill. 2000). To fully assess the third element of the transfer analysis, the court must address the parties' private interests and the courts' public interests. *Medi USA, L.P. v. Jobst Inst., Inc.*, 791 F. Supp. 208, 210 (N.D. Ill. 1992). Private interest factors include: (1) plaintiff's choice of forum, (2) the situs of the material events, (3) the relative ease and access to sources of proof, (4)

the convenience of the parties and (5) the convenience of the witnesses. *Amoco Oil*, 90 F. Supp. 2d at 960. The public interest factors include: (1) how quickly the case will proceed to trial; (2) the court's familiarity with the applicable law; and (3) the relationship of the parties to and the desirability of resolving the controversy in a particular community. *Medi USA*, 791 F. Supp. at 210. The public factor interest factors and interests of justice may be determinative even if the interests of the parties and witnesses call for a different result. *Margaret E. Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 220 (7th Cir. 1986).

### A. Private Factors

#### 1. Plaintiff's Choice of Forum

Typically, a plaintiff's forum choice is given significant weight when it is the plaintiff's home forum. *United Air Lines, Inc. v. Mesa Airlines, Inc.,* 8 F. Supp. 2d 796, 798 (N.D. Ill. 1998). In ERISA cases, courts have recognized that a transfer away from plaintiff's forum increases litigation costs, dilutes the pension fund's assets and encourages the use of § 1404(a) as a way of avoiding obligations to the pension fund. *Cent. States, Se. & Sw. Areas Pension Fund v. White*, No. 99 C 1046, 1999 WL 447059, at *2 (N.D. Ill. June 25, 1990). ERISA was enacted to protect the integrity of employee benefit plans and the well being of participants and beneficiaries. *Trs. of Hotel Emps. & Rest. Int'l Union Welfare Pension Fund v. Amivest Corp.*, 733 F. Supp. 1180, 1183 (N.D. Ill. 1990). "Unless it is clearly outweighed by other factors, the [pension's] choice of forum is entitled to deference." *Id.* Thus, to determine whether any other factors significantly outweigh the Pension Fund's choice of forum, the Court must continue its analysis.

## 2. Situs of Material Events

Defendants argue that their failure to pay for withdrawal liability occurred in Michigan where defendants and their assets are located. (Defs.' Ex. B, Mills Aff. ¶¶ 7, 12.) However, when enacting the ERISA venue provision, Congress was aware of the fact that frequently the only contact with the venue would be the administration of the fund. *Chi. Truck Drivers, Helpers & Warehouse Workers Union (Indep.) Pension Fund v. Bhd. Labor Leasing*, No. 93 C 1803, 1993 WL 385133, at *4 (N.D. Ill. Sept. 27, 1993). The Pension Fund's administration of the fund occurred in this district. The determinations that the Mills Controlled Group effected a complete withdrawal and that a purpose of the transfers by Rod Mills & Son to Rodney Mills and Shawn M. Mills was to avoid withdrawal liability occurred in this district. (Compl. ¶¶ 18, 35.) Further, the Pension Fund calculated the withdrawal liability in this district and mailed the demand for payment of withdrawal liability from this district. (*Id.* ¶ 23.) In sum, although defendants' conduct of failing to pay withdrawal liability occurred in Michigan, the Pension Fund's determinations that defendants were liable for a complete withdrawal occurred in this district. Because material events occurred in both forums, this factor weighs neither for nor against transfer.

## 3. Relative Ease and Access to Sources of Proof

Defendants' business records are located in Michigan. (Defs.' Ex. B, Mills Aff. ¶ 13.) However, documents are easily exchanged if the parties do not dispute that the relevant documents can be made available. *Stanley v. Marion,* No. 04 C 514, 2004 WL 1611074, at *3 (N.D. Ill. Jul. 16, 2004); *see Bryant v. ITT Corp. & Metro. Life Ins. Co.,* 48 F. Supp. 2d 829, 833 (N.D. Ill. 1999). Defendants do not argue that the relevant documents cannot be made available

5

but merely state they are located in Michigan. (Defs.' Ex. B, Mills Aff. ¶ 13.) This issue weighs neither for nor against transfer. *Stanley*, 2004 WL 1611074, at *3.

### 4. Convenience of the Parties

Defendants argue they will suffer financially if forced to litigate in Illinois. (Defs.' Ex. B, Mills Aff. ¶ 18.) They further argue that the Pension Fund has many more resources and is better equipped to prosecute in Michigan than defendants will be able to defend themselves in Illinois. The Pension Fund responds by asserting that it is operated for the sole benefit of its participants and beneficiaries. (Pls.' Ex. G, Coco Aff. ¶ 3.) Litigating in Michigan would require the fund to incur litigation costs that would drain assets and cause harm to the fund's beneficiaries. (*Id*. ¶¶ 3, 5.) A motion to transfer venue cannot be used to shift one party's inconvenience to the other. *I.P. Innovation L.L.C. v. Lexmark Int'l, Inc.,* 289 F. Supp. 2d. 952, 955 (N.D. Ill. 2003). Defendants do not offer evidentiary support to demonstrate that litigating in Illinois significantly outweighs the burden the Pension Fund would suffer as a result of litigating in Michigan. As a result, transfer of venue is not supported.

### 5. Convenience of the Witnesses

The party seeking transfer must specify witnesses to be called and give a general statement of their testimony. *Federated,* 2001 WL 503039, at *4. Defendants state in their brief in support of the motion to transfer that any witnesses who might testify would most likely be located in Michigan. However, they fail to provide any affidavit that identifies any specific witnesses or describes the substance of the potential witnesses' testimony. Because defendants

have failed to meet their burden of showing that litigating in Michigan is more convenient for witnesses, this factor does not support transfer.

### B. Public Factors[1]

#### 1. Speed to Trial

To evaluate this factor, the courts look to Federal Court Management Statistics to determine the average time from filing to disposition and the average time from filing to trial for a case in each court. *Id.* at *5. For the twelve-month period ending March 31, 2010, the average time from filing to disposition in a civil case was 6 months in the Northern District of Illinois and 8.7 months in the Eastern District of Michigan. FEDERAL COURT MANAGEMENT STATISTICS (2010), *available at* [www.uscourts/gov/Statistics/FederalJudicialCaseload*Statistics/2010/tables/*](http://www.uscourts/gov/Statistics/FederalJudicialCaseloadStatistics/2010/tables/) *C05March10.pdf*. This portion of the speed-to-trial factor weighs slightly against transfer. However, the average time from filing to trial was 28.3 months in the Northern District of Illinois and 24 months in the Eastern District of Michigan. This portion of the speed-to-trial factor weighs slightly in favor of transfer.

#### 2. Familiarity with Applicable Law

Because this action is based on ERISA, both the transferee and transferor court are equally familiar with the applicable law. As a result, this factor is neutral.

#### 3. Relationship of Communities to Litigation

---

[1]The Court notes that defendants fail to address these factors in either their opening brief or reply brief in support of the motion to transfer venue.

7

Courts have held that this is the strongest factor in the interest-of-justice analysis. *Bryant,* 48 F. Supp. 2d at 835. Further, in ERISA actions, courts have held that the interests of justice are served where the costs of employee benefits funds are kept to a minimum. *Cent. States, Se. & Sw. Areas Pension Fund v. O'Brien & NYE Cartage Co.,* No. 06 C 4988, 2007 WL 625430, at *6 (N.D. Ill. Feb. 22, 2007). While defendants argue for transfer in part because of the financial hardship they will suffer by litigating in Illinois, the interest of justice does not support transfer due to the strong public policy concerns regarding preserving ERISA fund assets. In sum, only a portion of one of the eight interest-of-justice factors slightly supports the transfer of venue.

## **Conclusion**

For the foregoing reasons, the Court denies defendants' motion to transfer venue pursuant to 28 U.S.C. § 1404(a) [doc. no. 16].

**SO ORDERED.**    ENTERED:  October 14, 2011

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**